IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 3:07-cv-1736-M |
| MIDWEST TRANSPORT, INC., | § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Transfer Venue to the Southern District of Illinois. Having considered Defendant's Motion, the Response and Reply, the Court is of the opinion that Defendant's Motion should be GRANTED.

Background

Plaintiff filed this suit in the Dallas Division of the Northern District of Texas against Midwest Transport, Inc. ("Transport"), alleging that Transport, in its dealings with the United States Postal Service, committed fraud and violated the False Claims Act ("FCA"), 31 U.S.C. § 3729. Plaintiff also alleges unjust enrichment and payment by mistake. Transport held, and still holds, numerous fixed-price Highway Contract Routes ("HCR contracts") with the Postal Service. Most of Transport's HCR contracts were acquired in an asset purchase and novation from Midwest Transit ("Transit"), an unrelated entity. Plaintiff alleges that Transport failed to notify the Postal Service about discounts and rebates it received from its fuel supplier for prompt payment of company-wide aggregate fuel purchases. Plaintiff claims that it was entitled to receive any discounts or rebates on fuel that Transport was receiving, and that the fuel statements it received were false because they did not include those discounts and rebates. Transport argues

that the fixed-price HCR contracts did not require them to identify or transfer any company-wide prompt payment rebates or discounts for aggregate fuel purchases to the Postal Service.

Transport now asks this Court to transfer the case to the Southern District of Illinois, asserting that it would be the clearly more convenient forum for the parties and witnesses. Transport is a Delaware corporation with its principal place of business in Robinson, Illinois, which is in the Southern District of Illinois. The main office of the Southern District of Illinois is located in East St. Louis, Illinois.

Analysis

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. §1404(a). As a threshold matter, the transferee district must be one where plaintiff could have originally brought the case. *Eastman Med. Prod., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F.Supp.2d 590, 595 (N.D. Tex. 2002) (Lynn, J.). Plaintiff agrees that it could have originally brought suit in the Southern District of Illinois, where Transport has its headquarters. 28 U.S.C. §1391(a) (1).

The Fifth Circuit recently clarified its §1404 analysis in *Volkswagen*, holding that "a plaintiff's choice of forum is to be treated as a burden of proof question rather than one of a presumption." *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 381 (5th Cir. 2007). The Fifth Circuit rejected the higher standard that had been applied, which had required district courts to transfer only "in favor of a substantially more convenient alternative," acknowledging "the Supreme Court's directive that §1404(a) was intended to permit courts to grant transfers upon a lesser showing of inconvenience than that required in the forum non conveniens context." *Id.*

The Fifth Circuit held that the district court erred in requiring a showing "that the balance of convenience and justice substantially weighs in favor of transfer." *Id.*

The plaintiff's choice of forum is entitled to deference, but that means that the moving party "must show good cause" by demonstrating that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* at 384. A transfer should be ordered when the "transferee forum is clearly more convenient." *Id.*

In considering a motion to transfer venue under §1404, "a district court should consider a number of private and public interest factors, none of which can be said to be of dispositive weight." *Id.* at 380. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of the law." *Id*.

Transport requests that this case be transferred to the Southern District of Illinois and relies on the following facts in support of the private interest factors: (1) the three key witnesses who signed the allegedly false fuel statements reside in the transferee district; (2) the statements were signed at Transport's headquarters in the transferee district; (3) the Postal Service investigators involved in this case work in St. Louis, Missouri, which is across the state line from the transferee district; (4) the lead Postal Service investigator now lives in Indianapolis, which is

substantially closer to the transferee district than Dallas[1]; (5) all of Transport's records are in the transferee district, and none are in Texas; (6) the Receiver for Transit (a now-defunct company that submitted claims for which Plaintiff seeks to hold Transport liable) is located in the transferee district, as are the records of Transit; (7) only one of the seventy three HCR contracts in the Complaint involve deliveries in Texas, with only twelve contracts connected to Texas in any way; (8) only twenty of the three hundred thirty seven allegedly false claims (6%) were administered by the Postal Service office in Texas.

Transport also argues that the Southern District of Illinois is a superior forum because of public interest factors. In particular, Transport alleges that the transferee district is familiar with the applicable law because it was the forum for *United States v. Hal D. Hicks,* No. 2005-CR-40023-JPG, 2005 U.S. Dist. LEXIS 17481 (S.D. Ill. Aug. 17, 2005), a criminal case alleging that Hicks, an employee of Transport, Transit, and other entities, personally accepted rebates for work provided on HCR contracts. Transport also argues that there is a local interest in how Transport conducted its operations because it is headquartered in the transferee district.

Plaintiff opposes Transport's Motion to Transfer Venue, arguing that (1) the Postal Service maintains records of the contracts in its Dallas office and eight other locations around the country; (2) the Plaintiff's witnesses are available to testify in Texas, although none reside here; and (3) Transport's witnesses are all party witnesses and their testimony can be compelled in either forum.[2] Plaintiff also argues that Transport did not designate the witnesses' expected testimony or allege that any non-party fact witnesses would be inconvenienced if the case were

---

[1] Indianapolis, Indiana is approximately 240 miles from East St. Louis, Illinois and 116 miles from Robinson, Illinois, the headquarters of Transport. Indianapolis is approximately 900 miles from Dallas, Texas.
[2] Plaintiff cites *AMS Staff Leasing v. Starving Students, Inc.,* No. 3:03-CV-283-BD, 2003 WL 21436476, at *3 (N.D. Tex. June 18, 2003), for the proposition that the travel inconvenience to employees, or "party witnesses," is entitled to less weight than is the inconvenience to non-party witnesses. The Court notes that neither party has alleged the existence of any non-party witnesses. The Court must weigh the convenience and costs of travel of the party witnesses.

tried in Dallas. Plaintiff argues that there is a local interest because Transport submitted claims for payment to the Postal Service office in Dallas.

Of the factors under consideration, both parties agree that court congestion and the relative caseloads of the two districts are neutral. Neither party asserts that the availability of compulsory process is relevant to the Court's consideration of transfer, as the only named witnesses are party witnesses.

In *Volkswagen*, the Fifth Circuit reiterated that district courts must consider the relative ease of access to sources of proof, noting that although electronic transfers of information might have decreased that factor's significance, it should still remain a part of a district court's analysis. 506 F.3d at 385. Here, the relative access to sources of proof weighs in favor of transfer. Although the Dallas Postal Service office maintains some records, including copies of Transport's fuel use certifications, as do Postal Service offices throughout the country, the remaining records on the HCR contracts are in Transport's headquarters, and in the Transit Receiver's office, both in the Southern District of Illinois. Those records include information on all the HCR contracts and claims, plus documentation about contract performance, fuel purchases, rebates, payments received, and internal company documentation of adjustment practices. The Court is persuaded that the vast majority of the sources of proof are located in the transferee district.

The Court also finds that the cost of attendance for willing witnesses weighs strongly in favor of transfer. Although the Plaintiff claims that the Defendant's witnesses, as employees, can be compelled to testify in either district, the Court must consider the costs associated with the witnesses traveling.[3]

---

[3] Although the parties seem to agree that employees may be compelled to testify in either district, the Court is not persuaded that such a rule exists.

Defendant's witnesses, individuals named in the Complaint and expected to testify about those allegations, all reside in the Southern District of Illinois.  None of the witnesses named by either party reside in Texas.  Plaintiff's key investigator lived in St. Louis but now resides in Indianapolis, Indiana, which is substantially closer to the transferee district.  Plaintiff's other witnesses reside in Washington, D.C., Windsor, Connecticut, and Memphis, Tennessee.  Plaintiff has not argued that their travel to this district would be more convenient than travel to Illinois, and the Court has no reason to believe that to be the case.  Particularly in light of the negligible costs for resident witnesses to testify in the transferee district, the Court finds that the total cost to both parties would be substantially smaller if the case were in the transferee district.  Both witness travel costs and access to sources of proof weigh heavily in favor of transfer.

The Court has not been persuaded that practical problems would make trial of the case more easy, expeditious, and inexpensive in the transferee district.  That factor is neutral.

The Court finds that the public factors weigh in favor of transfer.  Plaintiff argues that because some of the claims were submitted to the Dallas office of the Postal Service, this district has an interest in the litigation.  The Court is of the opinion that every locality has an equal interest in the United States Postal Service pursuing and receiving compensation for false claims.  However, the interest of the transferee district in ensuring that its residents operate lawfully is superior to a generalized interest in Postal Service operations.  Although the Postal Service operates nationally, and fuel use certifications apply to HCR contracts everywhere, the alleged offender resides in the Southern District of Illinois, and that district has a local interest in the operations and conduct of its resident businesses.  The Court finds that the local interest in adjudicating localized interests weighs in favor of transfer.

The Court also finds that familiarity with applicable law weighs in favor of transfer. The transferee district is familiar with this specific scenario and has experience applying the law in a related criminal matter. Because the transferee district heard the *Hicks* case, it will also have an advantage in assuring consistent application of the law. In the interests of efficiency and consistency, this factor weighs in favor of transfer.

Having considered the private and public factors, the Court is of the opinion that the transferee forum of the Southern District of Illinois is clearly more convenient. Accordingly, Defendant's Motion to Transfer Venue is **GRANTED**.

**SO ORDERED.**

**DATED:** April 22, 2008.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**