IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-328-GPM |
| ) | |
| MIDWEST TRANSPORT, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, the United States of America, moves to dismiss the counterclaims filed by Defendant, Midwest Transport, Inc. ("Midwest Transport") (Doc. 19), and Midwest Transport moves to dismiss the claims in the complaint (Doc. 27). Midwest Transport wants the Court to refer this matter to the Postal Service Board of Contract Appeals ("PSBCA") for an advisory opinion pursuant to 41 U.S.C. § 609(f) and to stay the proceedings pending this opinion (Doc. 72).

## I. BACKGROUND.

In this action under the False Claims Act, 31 U.S.C. §§ 3729(a)(1) and (a)(2), the United States contends that Midwest Transport submitted payment certifications to the United States Postal Service ("USPS") which failed to disclose certain discounts it obtained for fuel purchases pursuant to contracts Midwest Transport had with Pilot Corporation. According to the United States, these certifications were submitted knowingly in violation of the False Claims Act. The United States also asserts claims under the common law theories of payment by mistake and unjust enrichment.

Midwest Transport filed four counterclaims along with its answer on November 21, 2007 (Doc. 14). These counterclaims allege 1) breach of the duty of good faith and fair dealing; 2) fraud in the inducement; 3) negligent misrepresentation; and seek 4) a declaratory judgment. Midwest Transport argues that the first three of these claims arise from the United States's conduct in the execution of the novation agreement by which Midwest Transport assumed the hauling contracts previously held by Midwest Transit, Inc. ("Midwest Transit"), and it asks for a declaratory judgment interpreting the hauling contracts.

The Government moves to dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. According to the United States, counterclaims 2) and 3) are torts, and, therefore, barred by the Federal Tort Claims Act, 28 U.S.C. § 2680(h). Midwest Transport concedes the dismissal of claims 2) and 3), but opposes the dismissal of 1) and 4).

## II. ANALYSIS.

In ruling on a Rule 12(b)(6) motion a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. *See Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. *See Strauss v. City of Chicago*, 760 F.2d 765, 767-68 (7th Cir. 1985) (the absence of any facts to support a plaintiff's

claim renders the allegations of a complaint mere legal conclusions subject to dismissal).

### A. Midwest Transport's Counterclaims.

1. <u>Good Faith and Fair Dealing</u>.

The Government first argues that the breach of the duty of good faith and fair dealing does not extend to contract negotiation, only to contract performance. In support of this argument, the United States cites the Restatement (Second) of Contracts § 205, which states in part that "[t]his Section … does not deal with good faith in the formation of the contract…remedies for bad faith in the absence of agreement are found in the law of torts or restitution." Further, the United States argues that the sovereign immunity provisions of the Federal Tort Claims Act bar this claim, and finally, the United States argues that exclusive jurisdiction for this counterclaim would rest with the Court of Federal Claims, not this district court.

Midwest Transport argues there is an implied duty of good faith and fair dealing in the formation of a contract with the United States and that this duty extends to the actions of the United States prior to the formation of the contract. In support of this argument, Midwest Transport cites *Heyer Products Co. v. United States*, 140 F.Supp. 409 (Ct. Cl. 1956). There, the government solicited bids for a defense contract, but, at the time the bids were received, the government intended to only consider one company. *Id*. at 410. The plaintiffs sued to recover the cost of their bid. *Id*. The court found that an implied contract existed between the government and all companies who had submitted bids, and that this contract extended a promise that all bids would be considered fairly. *Id*. at 414.

Midwest Transport also relies on *Rumsfeld v. Applied Cos.*, 325 F.3d 1328 (Fed. Cir. 2003).

In that case the government solicited bids for refrigerant storage cylinders but it knew at the time that its request for bids overstated the number of cylinders required and failed to inform the bidders of this discrepancy. *Id*. at 1329-30. The district court in *Applied* held that the government's negligence in failing to inform the bidders about its adjusted needs entitled the plaintiff to recover damages for breach of contract. *Id*. at 1330.

Midwest Transport's reliance on these cases is mistaken. There is not a hint of an implied contract between Midwest Transport and the government before the execution of the novation agreement. Unlike the bid cases described above, Midwest Transport initiated negotiations with the United States in forming the novation agreement. The Government never made an implicit or explicit promise to Midwest Transport before the execution of the novation agreement. The duty of good faith and fair dealing does not extend to negotiations, only to performance, as stated in the Restatement (Second) of Contracts § 205.

Midwest Transport does not allege that its claim for breach of the duty of good faith and fair dealing arose from the performance of the contract. If the claim did arise during the performance, it would be dismissed for lack of subject matter jurisdiction, as breach of contract actions seeking more than $10,000 in damages go to the Court of Federal Claims. 28 U.S.C. §§ 1346, 1491.

The breach of duty of good faith and fair dealing counterclaim brought by Midwest Transport is dismissed.

2. <u>Declaratory Judgment</u>.

The Government argues that this Court has no jurisdiction to grant declaratory judgment in this matter because Midwest Transport has failed to plead a basis for jurisdiction. The Government argues that the Declaratory Judgment Act, 28 U.S.C. § 2201, is an insufficient basis for jurisdiction

and cites several cases for this argument. Midwest Transport argues that the Postal Reorganization Act ("PRA"), 39 U.S.C. § 401, grants jurisdiction for suits against the Postal Service and specifically confers jurisdiction for these suits to the federal district courts.

The Postal Service is not a party to this action. Therefore, the PRA cannot be used as a waiver of sovereign immunity or as a basis for jurisdiction. This claim is also dismissed for lack of federal subject matter jurisdiction.

B.  **Midwest Transport's Motion to Dismiss**.

Midwest Transport moves to dismiss the complaint on the basis that the False Claims Act does not apply to the USPS. According to Midwest Transport, the United States's sole remedy is to seek recovery of the funds, with interest, under 39 U.S.C. § 2605, a federal statute that allows the Attorney General to recover monies paid by the USPS due to fraudulent misrepresentation or mistake.

Midwest Transport claims that 1) the Postal Service was specifically exempted from FCA coverage, 2) the FCA applies only to claims against the Government fisc and not to claims for other funds, and, therefore, 3) Plaintiff's only avenue of relief is under 39 U.S.C. § 2605.

1.  <u>The Postal Service is exempted from FCA Coverage</u>.

Midwest Transport first argues that the Postal Reorganization Act expressly exempts the USPS from the False Claims Act. Section 401(a) of Title 39 provides that "no Federal law dealing with public or Federal contracts, property works, officers, employees, budgets, or funds...shall apply to the exercise of the powers of the Postal Service." Midwest Transport points to Congress's objective to make the USPS run more like a private company than a government agency. While that is true, the USPS is still a federal agency. The Seventh Circuit and other courts have "recognized

the quasi-commercial nature of the Postal Service on several prior occasions...[but no] court has ever held that the Postal Service is anything other than a federal agency." *Baker v. Runyon*, 114 F.3d 668, 670 (7th Cir. 1997).

The Court need look no further than the plain language of the False Claims Act, which provides:

> (a) Liability for certain acts.–Any person who--
>
> > (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
> > (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
> > (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.
> > (4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
> > (5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
> > (6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or
> > (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a). There is no exception for the USPS in the plain terms of the False Claims Act. The Act speaks of claims to the United States Government, and the USPS is part of the Executive Branch.

2. Postal Service funds are not Government Fisc.

Midwest Transport also argues that the funds paid by the USPS to the defendant came from the Postal Service's own funds–not the United States Treasury. But this doesn't end things. These funds only belong to the Postal Service because "Congress has appropriated to it all of the Postal Service's own revenues." *Baker*, 114 F.3d at 672 (internal citations omitted). The False Claims Act does apply to the Postal Service, and the motion to dismiss is denied.

C. **Midwest Transport's Motion That The Court Request An Advisory Opinion From the PSBCA Pursuant to 41 U.S.C. § 609(f)**.

Midwest Transport requests this Court to stop and obtain an advisory opinion from the PSBCA interpreting the 73 different hauling contracts between the Postal Service and Midwest Transit, which were assigned to Midwest Transport. It thinks the interpretation of these contracts is a gateway issue in determining whether the fuel rebates should have been disclosed to the USPS.

An opinion from the PSBCA would not help at all. The Government brought this action under the False Claims Act alleging that Midwest Transport fraudulently completed fuel certification forms that were then submitted to the Postal Service. The Government will have to prove Midwest Transport's intent and, if contract interpretation is required, this Court (like all district courts) is better able to perform this analysis than the PSBCA.

### III. CONCLUSION.

Plaintiff's motion to dismiss the counterclaims (Doc. 19) is **GRANTED**, Defendant's motion to dismiss (Doc. 27) is **DENIED**, and the motion for request for advisory opinion from PBSCA pursuant to 41 U.S.C. § 609(f) and stay of proceedings (Doc. 72) is **DENIED**. Midwest Transport's counterclaim for 1) breach of the duty of good faith and fair dealing; 2) fraud in the inducement; and 3) negligent misrepresentation are **DISMISSED on the merits**. The counterclaim for declaratory judgment is **DISMISSED** for lack of federal subject matter jurisdiction.

Finally, the parties have recently asked to amend the discovery schedule and reset the trial date (Doc. 85), and a motion is pending before the Magistrate Judge concerning expert witness disclosures (Doc. 79). In light of the parties' stipulations concerning expert disclosures and the designation filed on November 6 (*see* Docs. 81, 83, 84), it appears that Midwest Transport's motion for extension of time to file expert witness disclosure and report (Doc. 79) is **MOOT**. The joint motion to amend discovery schedule and reset the trial date (Doc. 85) is **GRANTED**. The discovery deadline is extended to **February 6, 2009**; the presumptive trial month is **CONTINUED** to **July 2009**. Dispositive motions shall be filed on or before **March 16, 2009**.

**IT IS SO ORDERED.**

DATED: 11/24/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge